[Civ. No. 5990. First Appellate District, Division One.—February 25, 1928.]

CHARLES ARMSTRONG, Appellant, v. MAX CHERRY, etc., Respondent.

George F. Sharp for Appellant.

Glickman & Glickman for Respondent.

TYLER, P. J.—Action to recover under a contract of employment. The complaint sets forth that on the first day of August, 1925, plaintiff and defendant Max Cherry entered into a written agreement under terms of which Cherry was to employ plaintiff to perform services as an expressman for a period of one year after the date of the agreement at a wage of $30 per week. That in pursuance of the terms thereof plaintiff entered into the employment of defendant and continued in such service for sixteen weeks from the first day of August, 1925, to the first day of December following and there was paid to plaintiff for such

services the sum of $480. That on the first day of December, 1925, defendant disposed of his express business, it being alleged the sale and transfer thereof was made with the intent to evade, deceive and defraud plaintiff of the moneys due him under his contract of employment and that by reason thereof, the sum of $1,080 for the remaining thirty-six weeks referred to in the contract became due, and in consequence of the disposal of the business by defendant, plaintiff could no longer continue his services as such expressman for the defendant. Judgment was prayed for in the sum of $1,080. Defendant denied all of the allegations of the complaint. Trial was had and it appeared in evidence that after the contract sued on was entered into defendant became ill and he turned the business over to his sons.

Plaintiff testified that he had no knowledge of the change in the ownership at the time it took place and when he ascertained the fact some time later, he made demand upon defendant Max Cherry for the balance due under the unexpired contract period, claiming that because of the transfer his contract was breached and he thereby became entitled to such balance. Other portions of his testimony, however, show that he continued in his employment after he had knowledge of the change of ownership. Just how long he continued in his employment does not appear, but there is evidence to show that his wages had been increased in the hope that he would perform his work in a more satisfactory manner and that he had enjoyed the benefit of the increase for over a month. He had several accidents and had injured and lost property entrusted to his care, and when questioned concerning the same refused to give any satisfactory explanation. He also refused to obey orders. One of the sons of defendant testified that a week or two after his father became ill he took over the management of the business and that he had considerable trouble with plaintiff concerning the manner in which he performed his work and in the hope of improving this condition he raised his wage upon plaintiff's promise to do better. The hoped-for improvement did not materialize and the relation was terminated. Plaintiff then obtained other employment and subsequently purchased two trucks and went into business for himself. There was no proof of ability and willingness of

plaintiff to continue in his employment nor was there any attempt to show what sums he may or could have earned by the exercise of reasonable exertion in mitigation of damages, and no such question is here presented or argued by counsel for either party.

The theory upon which the case was defended and determined was that plaintiff, after knowledge of the change in the business, voluntarily continued his employment with the sons at an increased wage and that not having performed his duties in a satisfactory manner the sons were entitled to discharge him and terminate the employment. The trial court found that plaintiff had voluntarily continued in the service of the sons under a new contract of employment and at the time of his discharge there was due him the sum of $21.20 and judgment was rendered for said amount. Appellant contends that the finding is not supported by the evidence. It is conceded that had plaintiff known of the fact of the sale of the business, from the father to the sons, and with full knowledge of that fact on his part and of all the circumstances he made a new contract with the sons regarding his employment, there would have been an abandonment of the old contract and a new one substituted in its place. He also concedes that under such circumstances he could be discharged for cause, but he claims that no new agreement was ever made. Assuming that there was technically an actual transfer of the business under the evidence narrated, it is perfectly apparent that there was no distinct transfer to a stranger resulting in an entire change of the business. The conditions under which appellant worked were just the same after as before the new arrangement. It would seem that such an immaterial change would give no cause of action for breach of contract.

█ It is a rule, universally recognized, that while a master may not close out his business without becoming liable in damages to an employee under a contract of employment for a specific term, still an immaterial change gives no cause of action for damages where there is otherwise no change in the manner of conducting the business and the employer continues in a way to be the real owner. (39 Cor. Jur. 76.) See, also, *Levy* v. *Friedlander*, 24 La. Ann. 439. █ However this may be, and it is no part of this opinion, there is no evidence in the record to show, as

alleged by plaintiff, that the business was transferred or disposed of with the intent to evade, deceive or defraud him. On the contrary, it shows that the sons had done everything to induce plaintiff to continue in his employment, and that they gave him an increased wage in the hope that he would properly perform his duties. A reading of the entire evidence also shows that plaintiff was familiar with the inability of Max Cherry to further continue the management of the business on account of sickness, and his sons were substituted in his place and that he willingly continued in his employment under the new arrangement, and accepted the sons as his employers in the place of the father. This being so, the evidence fully supports the finding of the trial court.

The judgment is affirmed.

Knight, J., and Parker, J., *pro tem.*, concurred.